UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ADVENTO PENA, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| PAVONIA LIFE INSURANCE | § | CIVIL ACTION NO. 7:15-cv-234 |
| COMPANY OF MICHIGAN, f/k/a | § | |
| HOUSEHOLD LIFE INSURANCE | § | |
| COMPANY, AND BENEFICIAL | § | |
| FINANCE ONE INC., f/k/a BENEFICIAL | § | |
| FINANCE CO. OF TEXAS, also f/k/a | § | |
| BENEFICIAL FINANCE CO. OF | § | |
| MCALLEN, | § | |
| | § | |
| DEFENDANTS. | § | |

---

## DEFENDANT BENEFICIAL FINANCIAL I, INC.'S NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Beneficial Financial I, Inc. ("Beneficial")[1] hereby gives notice of the removal of Cause No. DC-15-195 currently pending in the 381st District Court of Starr County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, and states as follows:

### I.    THE NATURE OF THIS ACTION

1.    The removed case is a civil action that Plaintiff Advento Pena ("Plaintiff") filed in the 381st Judicial District Court of Starr County, Texas.  The case is styled *Advento Pena v. Pavonia Life Insurance Company of Michigan, f/k/a Household Life Insurance Company and*

---

[1]    Defendant Beneficial Financial I, Inc. is improperly named in Plaintiff's Original Petition as "Beneficial Finance One Inc., f/k/a Beneficial Finance Co. of Texas, also f/k/a Beneficial Finance Co. of McAllen."

*Beneficial Finance One Inc., f/k/a Beneficial Finance Co. of Texas, also f/k/a Beneficial Finance Co. of McAllen*, Cause No. DC-15-195 (the "State Court Action").

2.      Plaintiff alleges in his Original Petition ("Petition") that Defendants Beneficial and Pavonia Life Insurance Company of Michigan ("Pavonia") misrepresented and improperly denied benefits under a credit disability insurance policy that accompanied a loan taken out by Plaintiff on May 18th, 2005.  *See* Petition, pp. 3-7. Plaintiff alleges claims against Defendants for breach of contract, fraud, and violations of Articles 21.21 and 21.55 of the Texas Insurance Code.  *Id.* at 8-13. Plaintiff also seeks a declaratory judgment and requests attorney's fees.  *Id.* at 13-15.

## II.      REMOVAL IS PROCEDURALLY PROPER

3.      Venue for removal is proper in the Southern District of Texas, McAllen Division under 28 U.S.C. § 1441(a) because this district and division embrace the 381st Judicial District Court of Starr County, Texas, the forum in which the removed action is pending.

4.      This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) because this Notice of Removal was filed before thirty days expired after service.  Beneficial and Pavonia were served with the Petition on April 23, 2015.

5.      A written notice attaching a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the 381st Judicial District Court of Starr County, Texas, as provided by 28 U.S.C. § 1446(d).

6.      All defendants who have been properly joined and served join in or consent to the removal of this case to federal court.  28 U.S.C. § 1446(b)(2)(A).  Defendant Pavonia's written consent to the removal of this case to federal court is attached hereto.  *See* Declaration of Daniel J. Richards, attached as Exhibit C.

7.      True and correct copies of process, pleadings, and orders filed in the State Court

Action are attached hereto as required by 28 U.S.C. § 1446(d) and Local Rule 81:

| | |
|---|---|
| EXHIBIT A: | An index of all matters being filed. |
| EXHIBIT A-1: | Certified copy of the state court docket sheet. |
| EXHIBIT A-2: | True and correct copies of all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge. |
| EXHIBIT A-3: | A list of all counsel of record, including addresses, telephone numbers, and parties represented. |
| EXHIBIT B: | Civil cover sheet. |
| EXHIBIT C: | Declaration of Daniel J. Richards. |

### III.      THIS COURT HAS DIVERSITY JURISDICTION

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and,

therefore, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

Removal under Section 1441 is appropriate because all parties to this action are citizens of

different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of

$75,000.00.

### A.      Complete Diversity of Citizenship Exists Between the Parties Under 28 U.S.C. § 1332(a).

9.      Complete diversity of citizenship exists between Plaintiff and Defendants Beneficial

and Pavonia.

10.     Plaintiff is a citizen of Texas for diversity jurisdiction purposes.  Plaintiff is an

individual who, at the time of commencement of this action, resides at 263 Las Lomas, Rio Grande

City, Starr County, Texas 78582.  *See* Petition, p. 2.  For the purposes of diversity jurisdiction, a

person is considered a citizen of the state where the person is domiciled, as may be shown by the

person's place of residence.  *See Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007).

11.     Defendant Beneficial is a corporation organized and incorporated under the laws of California with its principal office in Illinois.  Beneficial is thus a citizen of California and Illinois. *See* 28 U.S.C. § 1332(c)(1).

12.     Defendant Pavonia is a corporation organized and incorporated under the laws of Michigan with its principal office in New Jersey.  *See* Exhibit D.  Pavonia is thus a citizen of Michigan and New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

13.     Accordingly, there is complete diversity between the parties to this suit.

**B.     The Amount In Controversy Exceeds the Statutory Minimum.**

14.     For federal diversity jurisdiction to exist, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).  This burden may be met if it is facially apparent from the complaint that the plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Id.*

15.     The amount in controversy set forth in Plaintiff's Petition exceeds $75,000, exclusive of interest and costs, as set forth below.  Plaintiff seeks "monetary damages caused by Defendant Pavonia's breach" in the form of monthly benefits of $433.39 under the Policy for a

"third Critical Period" and as many subsequent "Critical Periods"[2] that Plaintiff qualifies for under the Policy up to the Policy limit of 180 months.  *See* Petition, p. 9, ¶ 1.  Plaintiff admits that he received disability benefits of $433.39 per month for 48 months (two "Critical Periods").  *See id.* at p. 5.  Plaintiff further asserts that $100,000 is "the maximum amount of disability benefits that an insured could be paid under the Policy."  *See id.* at p. 6.  Plaintiff alleges that he "has been and continues to be under continuous period of disability due to the same work related accident that he suffered in 2005."  *See id.* at p. 7. Accordingly, because Plaintiff is requesting breach of contract damages up to the Policy limit, it is facially apparent from the Petition that Plaintiff seeks breach of contract damages in an amount between approximately $57,207.48[3] and $79,197.28[4].  *See id.* at pp. 3-8, 9.

16.    Plaintiff devotes the majority of his Petition to asserting fraudulent misrepresentation claims against Defendants, wherein he alleges that Pavonia and Beneficial made "fraudulent statements to Plaintiff in order to induce him to buy the Policy by representing that it had benefits and coverage that they later claimed it did not have."  *See* Petition, pp. 9-13, ¶¶ 1-10.   In an action for common-law fraud, Plaintiff can seek to recover actual damages (including out-of-pocket damages and benefit of the bargain damages) and exemplary damages.  *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 775 (Tex. 2009) (actual damages); TEX. CIV. PRAC. & REM. CODE § 41.003(a)(1) (exemplary damages).  Benefit of the

---

[2]    Plaintiff states that "Critical Periods" are defined as "twenty-four consecutive monthly benefit payments."  *See* Petition, p. 4, ¶ 1.

[3]    Plaintiff alleges that he received disability benefits in the amount of $433.39 per month for two Critical Periods, each of which lasted for 24 months.  *See* Petition, p. 5.  Plaintiff further alleges that he is entitled to disability benefits under the Policy for up to 180 months.  *See id.* at p. 6.  If you subtract 48 months from the 180 months provided under the Policy, there are 132 months left, which if multiplied by $433.39 equals $57,207.48.

[4]    Plaintiff alleges that the maximum amount of disability payments that can be paid under the Policy is $100,000.00.  *See* Petition, p. 6.  Plaintiff further alleges that he has received disability benefits in the approximate amount of $20,802.72.  *See id.* at p. 5.  If you subtract $20,802.72 from the Policy limits of $100,000.00, the remaining benefits under the Policy equal $79,197.28.

bargain damages are the difference between the value as represented and the value received. *Aquaplex, Inc.*, 297 S.W.3d at 775. Plaintiff alleges benefit of the bargain damages in the last paragraph of his fraud claim: "Defendants told [him] that the amount that he would be paid in benefits in the event of his becoming disabled was $2,000.00 per month when, in reality, the limit of the amount Pavonia had to pay in the advent of Plaintiff's disability was $433.69 . . ." *See id.* at 13. He further asserts that "Plaintiff was led to believe that he would get 180 months of credit disability insurance benefits provided he remained disabled per his treating physician's certification for 180 months." *See id.* Based on these allegations, it is facially apparent from Plaintiff's Petition that Plaintiff seeks between $75,197.28[5] and $339,197.28[6] in fraud damages, calculated on the difference between the $2000.00 per month disability payment allegedly promised and the $433.39 per month payment actually received by Plaintiff.

17.    Plaintiff also asserts claims for violations of Articles 21.21[7] and 21.55[8] of the Texas Insurance Code. Plaintiff claims that Defendants violated section 541.152 of the Texas Insurance Code (former Article 21.21) by "misrepresenting to Plaintiff . . . pertinent facts or policy provisions relating to coverage." *See id.* at p. 8, ¶ 1. Section 541.152 provides for actual damages, court costs, attorney's fees and treble damages if the trier of fact finds that the

---

[5]    Plaintiff alleges that Defendants represented Plaintiff would receive $2000.00 per month in disability benefits for up to 180 months in the event he became disabled. *See* Petition, p. 13. For the first two Critical Periods (48 months), Pavonia paid disability benefits of $433.39 per month instead of $2000.00 per month. *See id.* at p. 5. Accordingly, Plaintiff's benefit of the bargain damages for the first two Critical Periods purportedly equal $75,197.28.

[6]    Plaintiff alleges that Defendants represented Plaintiff would receive $2000.00 per month in disability benefits for up to 180 months in the event he became disabled. *See* Petition, p. 13. If you multiply $2000.00 per month by 180 months and then subtract out the benefits previously received by Defendant ($20,802.72), it equals $339,197.28.

[7]    Article 21.21 was repealed by Acts 2003, 78th Leg., ch. 1274, § 26(a)(1), eff. April 1, 2005 and recodified at TEX. INS. CODE Ann. § 541.060, *et. seq*.

[8]    Article 21.55 was repealed by Acts 2003, 78th Leg., ch. 1274, § 26(a)(1), eff. April 1, 2005 and recodified at TEX. INS. CODE Ann. §§ 542.051, *et. seq*.

defendant knowingly committed the complained of act.  *See* TEX. INS. CODE Ann. § 541.152.  In clear support of treble damages and its "knowing" requirement, Plaintiff specifically alleges that Pavonia committed "false, misleading, deceptive acts or practices while engaging in the business of insurance."  *See* Petition, p. 8, ¶ 1.

18.     Other statements in the Petition make evident that Plaintiff is seeking treble damages (and punitive or exemplary damages through his fraud claim and accusations of breach of fiduciary duty).  Besides Plaintiff's numerous assertions of fraud, he asserts that the "Certificate of Insurance . . . was specifically designed to mislead" customers and that Defendants "victimized" him, and goes on to describe "the depth of [Defendants'] deception."  *See* Petition pp. 10, 11.  These accusatory allegations further support a finding of the requisite amount in controversy.  *See Maley v. Design Benefits Plan, Inc.*, 125 F. Supp. 2d 197, 199 (E.D. Tex. 2000) (determining that the damage claims buttress a finding of the requisite amount in controversy when plaintiff makes a point of stressing that defendant's allegedly intentional, willful and wanton actions were done with evil intent).  Moreover, treble damages under the Texas Insurance Code are included within the amount in controversy.  *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706 (S.D. Tex. 2002) (finding it was facially apparent from the state court petition that plaintiff's claimed damages were likely to exceed the statutory minimum because they included *inter alia* treble damages and attorney's fees under the Texas Insurance Code).  As such, by any measure, the amount in controversy is well above the $75,000 threshold.

19.     Plaintiff also asserts that Defendants violated § 542.060 (formerly Article 21.55) of the Texas Insurance Code.  *See* Petition, at pp. 8-9.  Section 542.060 imposes a statutory penalty of 18% for failure to pay a first party insurance claim within sixty days if an insurer is

found liable under a policy, even if the insurer had a reasonable basis for denying coverage. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 861 (5th Cir. 2003); *Higgenbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997).  Here, Plaintiff seeks "monetary damages in the form of loss benefits paid" from Pavonia for its violation of § 542.060.  *See* Petition, p. 9.  Interest intended as a penalty may also be added to meet the amount in controversy since the interest is treated in the same manner as punitive damages.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998).

20.     In addition to the above-referenced claims, Plaintiff also seeks declaratory judgments that:  (i) Pavonia violated article 21.21 of the Texas Insurance Code by misrepresenting the coverage and denying benefits under the Policy; (ii) Pavonia violated article 21.55 of the Texas Insurance Code by failing to promptly pay a claim; (iii) Pavonia breached the terms of the Policy by denying coverage to Plaintiff; (iv) Beneficial committed fraud by misrepresenting the scope and extent of coverage under the Policy; (v) Plaintiff was entitled to and qualified for a third Critical Period of benefits under the Policy and should have been paid benefits for a third Critical Period under the Policy; and (vi) Plaintiff is entitled under the Policy to further placements in Critical Period status, as long as he qualifies under the Policy, for a maximum of 180 months.  *See id.* at 13-15.

21.     "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983). Plaintiff's declaratory judgment action is not limited to a declaration regarding the applicability of the Policy to his request for additional "Critical Periods" up to the Policy limits.  Instead, Plaintiff also seeks a declaration that Defendants violated articles 21.21 and 21.55 of the Texas Insurance Code, breached the Policy, and committed fraud. In a

case involving insurance coverage issues, the court considers the insurer's potential liability under the policy, plus potential attorney fees, penalties, statutory damages and punitive damages. *St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

22.     Plaintiff also seeks attorney's fees (*see* Petition, pp. 2, 15*)*, possibly pursuant to his breach of contract action and declaratory judgment action although Plaintiff does not specify the basis for the fees.   Attorney's fees claimed under a contractual or statutory provision[9] are included as part of the amount in controversy.  *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981); *see also St. Paul Reinsurance Co., Ltd.,* 134 F.3d at 1253 (attorney's fees authorized by statute are considered in determining amount in controversy).   With Plaintiff's request for attorney's fees, the amount-in-controversy requirement can be met in large part, or almost entirely, by Plaintiff's attorney's fees.  *See, e.g., Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *3-6 (N.D. Tex. Oct. 28, 2013) (determining that "[i]n today's world, it does not take much to exceed $75,000" and that, based on the court's experience, it provided a "conservative estimate of the attorney's fees" as exceeding $50,000 on two causes of action in a civil rights and employment discrimination case).  All of these alleged damages, when totaled, greatly exceed the $75,000 jurisdictional minimum.

23.     Defendants categorically deny that Plaintiff is entitled to any damages or fees or insurance benefits based on any claim in any amount whatsoever, but there can be no question that Plaintiff's Petition places an amount in controversy that exceeds $75,000, exclusive of interests and costs, as required under 28 U.S.C. §§ 1332 and 1441.

---

[9]     *See* TEX. CIV. PRAC. & REM. CODE § 38.001 ("A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract."); TEX. CIV. PRAC. & REM. CODE § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.").

24.     Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of Defendants' rights to assert defenses or objections including, without limitation, the defenses of (i) lack of jurisdiction over the person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency or lack of process or service of process, (iv) improper joinder of claims and/or parties, (v) failure to state a claim, (vi) failure to join an indispensable party(ies), or (vii) any other procedural or substantive defense available under state or federal law.

25.     If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present further evidence and oral argument in support of their position that this case was properly removed.

## IV.     NO JURY DEMAND

26.     Plaintiff did not demand a jury in the State Court Action.

## V.     CONCLUSION

For the foregoing reasons, Beneficial hereby removes the above-styled and captioned cause pending in the 381st Judicial District Court of Starr County, Texas to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 and requests that further proceedings be conducted in the McAllen Division of the U.S. District Court of the Southern District of Texas as provided by law.

Respectfully Submitted,

_/s/ Peter S. Wahby_
Peter S. Wahby
State Bar No. 24011171
S.D. Tex. Bar No. 37917
Email: wahbyp@gtlaw.com
Stephanie R. Smiley
State Bar No. 24066097
S.D. Tex. Bar No. 007024
Email: smileys@gtlaw.com
GREENBERG TRAURIG, LLP
2200 Ross Avenue
Suite 5200
Dallas, Texas 75201
Tel: (214) 665-3600
Fax: (214) 665-3601

**ATTORNEYS FOR DEFENDANT
BENEFICIAL FINANCIAL I INC.**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this 21st day of May, 2015, a true and correct copy of the above and foregoing has been served on the following counsel via Certified Mail, Return Receipt Requested to the address below:

Margil Sanchez, Jr.
P.O. Box 297
Rio Grande City, Texas 78582
Email: msjlaw@yahoo.com

Harry Lee
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Email: hlee@steptoe.com

_/s/ Stephanie R. Smiley_
Stephanie R. Smiley