# *EXHIBIT "A-2"*

**State Court Pleadings**

DC-15-195

Starr County - District Clerk

Filed: 4/2/2015 8:13:32 PM
Eloy R. Garcia, District Clerk
Starr County, Texas

Ana Martinez

381ST **JUDICIAL DISTRICT**
**IN THE DISTRICT COURT**
**OF STARR COUNTY, TEXAS**

| | | |
|---|---|---|
| **ADVENTO PEÑA,** | X | |
| **PLAINTIFF,** | X | |
| | X | |
| **VS.** | X | **CAUSE NO.** DC-15-195 |
| **PAVONIA LIFE INSURANCE** | X | |
| **COMPANY OF MICHIGAN, f/k/a** | X | |
| **HOUSEHOLD LIFE** | X | |
| **INSURANCE COMPANY, AND** | X | |
| **BENEFICIAL FINANCE ONE INC.,** | X | |
| **f/k/a BENEFICIAL FINANCE CO.** | X | |
| **OF TEXAS, also f/k/a BENEFICIAL** | X | |
| **FINANCE CO. OF MCALLEN,** | X | |
| **DEFENDANTS.** | X | |

**PLANTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF THE ___ JUDICIAL DISTRICT COURT OF STARR COUNTY, TEXAS:**

The Plaintiff ADVENTO PEÑA files this Original Petition seeking a declaratory judgment under Chapter 37, Texas Declaratory Judgment Act, Texas Civil Practice and Remedies Code, that interprets and sets out the Plaintiff's rights to payment of benefits under a certain insurance policy and the Defendants' obligations under the same group credit disability insurance policy that was sold to Plaintiff and issued by Defendant PAVONIA LIFE INSURANCE COMPANY OF MICHIGAN, formerly known as HOUSEHOLD LIFE INSURANCE COMPANY (hereafter referred to as "PAVONIA"), through and as part of a loan that the Plaintiff obtained from the Defendant BENEFICIAL FINANCE ONE INC., formerly known as BENEFICIAL FINANCE CO. OF TEXAS, and also formerly known as BENEFICIAL FINANCE CO. OF MCALLEN (hereafter referred to as

"BENEFICIAL"). Also, the Plaintiff sues for breach of contract and seeks specific performance under this credit disability insurance policy issued by Defendant "PAVONIA". This court action was prompted by the Defendant's refusal to pay further credit disability benefits due under the same policy in breach or the insurance contract by denying the Plaintiff placement for a third "Critical Term" consisting of twenty-four months of monthly disability payments to Plaintiff. The Plaintiff seeks the declaratory judgment under Chapter 37 of the Texas Declaratory Judgment Act, Texas Civil Practice and Remedies Code, to interpret his rights under the credit disability insurance policy issued by Defendant "PAVONIA" to Plaintiff under group policy number UTX061 with effective coverage for a term of one hundred eighty months from the effective start date of May 18th, 2005. The Plaintiff also interposes causes of action against the Defendants for the commission of fraud and breach of the duty of good faith and fair dealing in treating with Plaintiff with respect to the insurance policy in question as further described below. The Plaintiff also advances claims of violation of Article 21.21 and 21.55 of the Texas Insurance Code. The Plaintiff asks that he be awarded reasonable attorney's fees for his having to prosecute this action. In support of this Original Petition, the Plaintiff would show the Court the following:

## I
## DISCOVERY PLAN

Plaintiff intends that discovery be conducted under a Level 2 Discovery Plan.

## II
## PARTIES

1. The Plaintiff Advento Peña is a resident of Starr County, Texas. He resides at 263 Las Lomas, Rio Grande City, Texas, 78582.

2. The Defendant "PAVONIA" is an insurance company organized and authorized to sell credit disability insurance policies in the State of Texas. The Defendant "PAVONIA" is the successor to and was formerly known as HOUSEHOLD LIFE INSURANCE COMPANY. The Defendant "PAVONIA" may be served with citation in this matter by serving its registered agent, CT Corporation System, at 350 N. St. Paul St., Suite 2900, Dallas, Texas, 75201.

3. The Defendant "BENEFICIAL" is a domestic corporation organized and authorized to transmit loans in the State of Texas. The Defendant "BENEFICIAL" f/k/a BENEFICIAL FINANCE CO. OF TEXAS, and also f/k/a BENEFICIAL FINANCE CO. OF MCALLEN, can be served with process through its registered agent for service of process, CT Corp, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## III
## VENUE AND JURISDICTION

1. The County of Starr is the proper venue for this lawsuit since it involves a credit insurance policy that was performable in Starr County, Texas.

2. The Court has jurisdiction over the subject matter of this case because the damages sought by Plaintiff are in excess of the minimum jurisdictional limits of this Court.

## IV
## OPERATIVE FACTS

1. On or about May 18th, 2005, Plaintiff ADVENTO PEÑA bought a credit disability insurance policy (hereafter referred to as the "policy") pursuant to an application for and receipt of a personal loan from Defendant "BENEFICIAL" at its place of business located in McAllen, Texas. This

Defendant "BENEFICIAL" sold Plaintiff the "policy" after its employee gave him a sales talk and explanation on the coverage and benefits that were available to Plaintiff under the "policy". Subsequently, the Defendant "PAVONIA" issued the "policy" to Plaintiff under group disability policy number UTX061 that insured Plaintiff for the payment of disability insurance benefits in the event he became disabled as defined in the "policy". Under the terms of the "policy" and in the event he qualified, the Plaintiff, as the insured, and, as represented to him by the Defendant "BENEFICIAL's" employee who persuaded him to buy the "policy", would receive an initial period of twenty-four consecutive monthly benefit payments which the "policy" defined as a "Critical Period". Pursuant to the terms of the "policy", the Plaintiff was eligible to qualify for consecutive "Critical Periods" provided that he applied for them after the expiration of the preceding "Critical Period" and if he met the "policy's" criteria for being deemed disabled. The sale of the "policy" by Defendant "BENEFICIAL" to Plaintiff also created a fiduciary relationship between Defendant "BENEFICIAL" and Plaintiff since Plaintiff relied on its employee's advice in purchasing the "policy" and they were in an un-even bargaining position.

2. The Plaintiff paid valuable consideration to Defendant "PAVONIA" in the form of monthly premiums of $13.00 that were paid and collected by the Defendant "BENEFICIAL".

3. Further, this insurance transaction created a fiduciary relationship between Plaintiff and Defendant "PAVONIA".

4. On or about the year of 2005, while working for his employer and during the term of effective coverage under the "policy", the Plaintiff suffered a work related injury that rendered him disabled under the provisions of the "policy".

5. As a result of his injury and the physical disabilities that prevented Plaintiff from continuing to work, the Plaintiff made a claim under the "policy" for payment of benefits for the term of a "Critical Period.

6. After applying for benefits under the "policy", the Plaintiff was granted and paid disability benefits for the term of twenty-four months constituting the "Critical Period".

7. After being under "Critical Period" status for several months, the Plaintiff was released to return to work with his employer, Chris Equipment Co. Inc., by his treating doctor. After this release to return to work, Plaintiff worked with his employer until the year of 2009. In 2009, Plaintiff was laid off from his employment with Chris Equipment Co., Inc., because he could no longer carry out the duties of his employment due to the bodily injuries he sustained on 2005. As a result, Plaintiff was placed on a second "Critical Period" that ran for another "Critical Period" of twenty-four months. After the second "Critical Period" expired, Plaintiff applied for placement for a third "Critical Period" in order for him to continue receiving disability benefits under the "policy". However, on this third occasion, the Plaintiff's application for the initiation of a third "Critical Period" was rejected by Defendant "PAVONIA" in breach of the insurance agreement and the representations made to Plaintiff by Defendant "BENEFICIAL's" employee even though it was supported by a written medical opinion issued by his treating physician, Luis A. Arango, M.D., that affirmed that the Plaintiff was still unable to return to work due to his work related injuries sustained in the year of 2005.

8. By letter dated September 29th, 2011, the Defendant "PAVONIA" rejected Plaintiff's application for the payment of disability benefit payments under the "policy" and refused to place Plaintiff under a third "Critical

Period" status. In rebuffing the Plaintiff's application, the Defendant "PAVONIA" asserted that the "policy" did not allow for another "Critical Period" status to be granted in contrast to the language of the "policy" that allowed the placement of Plaintiff for a third "Critical Period" status and that the Defendant "PAVONIA" drafted.

9.  However, contrary to Defendant "PAVONIA's" position, the "policy" that it sold to Plaintiff expressly provides that Plaintiff can be granted consecutive "Critical Period" terms for the same event that led to the granting of the first or even the second "Critical Period" if he established his eligibility for the payment of insurance benefits arising from the same incident that allowed him to receive benefits under the first and second "Critical Periods" statuses as follows:

A.  In the Certificate of Disability Insurance Schedule and (attached here as Exhibit "A") issued to Plaintiff by Defendant "PAVONIA" after he purchased the "policy", it states that the term of insurance coverage is for one-hundred-eighty months and points out that the maximum amount of disability benefits that an insured could be paid under the "policy" is $100,000.00. This same document annexed as Exhibit "A" states that each "Critical Period" encompasses twenty-four-months.

B.  In the Definitions Section of this same schedule (Exhibit "A"), a "Critical Period" is defined as the number of months for which monthly benefits are payable during any period of disability. It further states that there is no limitation as to the number of "Critical Periods" for which benefits are payable under the "policy", of course, as long as they did not exceed one-hundred-eighty months or the maximum allowable payment in benefits of $100,000.00.

C. In the "policy's" section entitled Description of Insurance Benefits, the pertinent language states that: "[p]ayments of monthly disability benefits will stop at the earliest of …(ii) the date you have received the number of monthly benefits in the Critical Period. This wording refers to the twenty-four months delineated and described in the Certificate of Disability Insurance Schedule.

D. The section that is part of the "policy" and identified as Description of Insurance Benefits concludes with the following statement:

    i. [s]uccessive periods of disability due to the same or related causes should be considered one continuous period of disability unless the beneficiary has been actually employed full time for six consecutive months or, if not actively employed, has engaged in normal activities for six consecutive months.

    ii. None of these two limitations applied to the Plaintiff in this situation. On the contrary, and as supported by the Plaintiff doctor's written medical report delivered to Defendant "PAVONIA", the Plaintiff has been and continues to be under a continuous period of disability due to the same work related accident that he suffered in 2005.

    iii. After the second "Critical Period" term allowed by Defendant "PAVONIA" under the "policy" ended, the Plaintiff applied for placement for another "Critical Period". In compliance with the requirement of the "policy", on December 21st, 2011, the Plaintiff sent Defendant "PAVONIA" a new Proof of Disability form filled out and signed by his treating doctor.

E. In disregard of its contractual obligations owed to Plaintiff, the Defendant "PAVONIA" refused to and did not extend Plaintiff coverage for a third "Critical Period".

## FIRST CAUSE OF ACTION – VIOLATIONS OF ARTICLE 21.21 OF THE TEXAS INSURANCE CODE FOR BREACH OF CONTRACT

1.    The Defendant "PAVONIA" violated Article 21.21, Texas Insurance Code, due to its commission of false, misleading, deceptive acts or practices while engaging in the business of insurance. Specifically, the Defendant "PAVONIA" violated Article 21.21 by misrepresenting to Plaintiff as a claimant pertinent facts or policy provisions relating to the coverage at issue and by committing an unconscionable action or course of action by accepting the Plaintiff's payment of premiums and then denying a valid claim made by Plaintiff.

2.    The Defendant "PAVONIA's" violations of Article 21.21 of the Texas Insurance Code were the producing cause of Plaintiff's damages, which exceeded the minimal jurisdictional limits of this Court and for which Plaintiff sues.

## SECOND CAUSE OF ACTION – VIOLATION OF ARTICLE 21.55 OF THE TEXAS INSURANCE CODE FOR FAILING TO PROMPTLY PAY ON CLAIMS

1. The Defendant "PAVONIA" violated Article 21.55 of the Texas Insurance Code by failing to promptly grant Plaintiff status under a "Critical Period" as authorized pursuant to the coverage provided by the "policy" in the face of a medical report that Plaintiff was disabled issued by Plaintiff's treating physician and by breaching its duty of good faith and fair dealing that it owed to Plaintiff. Consequently, Defendant "PAVONIA's" failure to

assign Plaintiff to a third "Critical Period" term caused the Plaintiff to suffer monetary damages in the form of loss of benefits paid.

## THIRD CAUSE OF ACTION-
### BREACH OF CONTRACT

1. The Defendant "PAVONIA's" failure to comply with the terms of the "policy" that it sold to Plaintiff by refusing to place Plaintiff in a third twenty-four month "Critical Period" based on Plaintiff's covered disability as certified and documented by his physician constituted a breach of contract. The Plaintiff asks for specific performance of the "policy" and that the Defendant "PAVONIA" be enjoined and ordered to grant Plaintiff a third "Critical Period" and as many subsequent "Critical Periods" that Plaintiff qualifies for under the "policy" and award Plaintiff his monetary damages as caused by Defendant "PAVONIA's" breach.

2. Finally, the Defendant "PAVONIA's" description of insurance benefits payable under the "policy" states that successive periods of disability due to the "same or related" cause will be deemed as one continuous period of disability if the insured had not been actively employed full time for six consecutive months or, if not working, has not engaged in normal activates for six successive months.   Under these restrictions, Plaintiff qualified for a third "Critical Period" or twenty-four months of credit disability payments, but Defendant "PAVOLIA" refused to grant it in breach of the contractual agreement.

## FOURTH CAUSE OF ACTION-
### FRAUDULENT MISREPRESENTATIONS

1. The Defendants, jointly and severally, made fraudulent statements to Plaintiff in order to induce him to buy the "policy" by representing that it had benefits and coverage that they later claimed it did not have.

2. As regards the "policy" sold by Defendant "BENEFICIAL" and issued by Defendant "PAVONIA" to Plaintiff, the Certificate of Insurance attached and written by Defendant "PAVONIA" was specifically designed to mislead prospective and actual customers as happened with Plaintiff who was victimized into believing that he would receive credit insurance disability payments as long as his attending physician certified that his disability was continuous and uninterrupted from the initial date that the insured's disability began.

3. When Plaintiff purchased Defendant "PAVONIA's" credit disability "policy" through the Defendant "BENEFICIAL", both Defendants misrepresented to Plaintiff through fraudulent statements that the underlying promissory note balance would be paid off, if necessary, for the entire period of his disability for the maximum period of the pronounced one hundred eighty months of coverage. Certainly, Plaintiff was not told by Defendant and, if he had been informed, he would not have paid his hard-eared money on premiums for a credit disability policy that provided limited benefits for twenty-four months and at the end would leave him in the predicament of having to pay off the monthly installments on the promissory note out of his pocket at a time when due to his disability he would be unable to work. In other words, Plaintiff was induced to buy the "policy" and it was sold to him by Defendants under the fraudulent misrepresentations that, as long as his initial disability continued as certified by his treating physician, Plaintiff would qualify for successive "Critical Period" terms and his credit disability insurance benefits would be paid as long as his disability continued. Certainly, the language in the "policy" is designed to foster this misunderstanding in the minds of its prospective and actual clients including Plaintiff. If Plaintiff had been informed by Defendants that payment of credit

disability benefits was restricted to twenty-four months unless he thereafter experienced another separate disability causing event, Plaintiff would have refused to purchase the "policy".

4. The depth of Defendant "BENEFICIAL" and "PAVONIA's" deception is shown by the wording of the Notice contained in the Certificate of Group Disability Insurance Schedule given to Plaintiff and that reads verbatim as follows:

**THE AMOUNT OF TERM OF THIS INSURANCE MAY NOT COVER THE FULL AMOUNT OR TERMS OF YOUR LOAN. DISABILITY BENEFITS WILL NOT BE PAID FOR ANY PERIOD OF DISABILITY BEGINNING OR CONTINUING AFTER THE SCHEDULED TERMINATION DATE OF THE DISABILITY INSURANCE SHOWN IN THE SCHEDULE.**

**YOU CAN CANCEL THIS INSURANCE FOR A FULL REFUND OF ANY PREMIUM PAID WITHIN 60 DAYS OF RECEIVING THIS CERTIFICATE. YOUR REQUEST MUST BE IN WRITING AND YOU MUST RETURN THIS CERTIFICATE TO THE CREDITOR OR TO US.**

**\*\*CRITICAL PERIOD DISABILITY PAYS A LIMITED BENEFIT WHICH MAY NOT BE ENOUGH TO PAY OF YOUR ACCOUNT.**

5. The first sentence in the first paragraph of the above-quoted language is misleading because it conveyed to the Plaintiff and he was left with the impression that Defendant "PAVONIA" would pay benefits if the Plaintiff was disabled for 180 months when, in actuality, Defendant "PAVONIA" knew that it would limit credit disability payments for twenty-four months at the most for each separate disability incurred during the 180 month

insurance term. The Plaintiff was led to believe by the Defendants that he would get 180 months of credit disability benefits when under Defendant "PAVONIA's" interpretation of the term "Critical Period" and the language of the "policy", Defendant "PAVONIA" would compensate him for only twenty-four months if the disability period should happen to last that long.

6. The second sentence of the first paragraph recited above is even more deceptive in that it states that benefits will not be paid for a disability beginning or continuing after the termination date. In the Certificate of Group Disability Insurance Schedule, the schedule termination date is shown as 05-23-2020. This stated date duped Plaintiff into believing that as long as his disability did not start on May 23rd, 2020, or continued after that date, he would receive credit disability benefits under the "policy" up until May 23rd, 2020, if the 180 months of offered benefits ran that long.

7. The final sentence recited above appears to be a warning to the buyer but, in reality, is part and parcel of Defendant "PAVONIA's" fraudulent acts. Of course, given the wording in the Certificate of Group Disability Insurance Schedule that the maximum term of the insurance is 180 months and that the scheduled termination date is 05-23-2020, Plaintiff believed with good reason that monthly credit disability payments would extend for 180 months provided his disability lasted that long.

8. The particular terms of Plaintiff's loan obtained from Defendant "BENEFICIAL" where he borrowed $39,995.12 were as follows: Plaintiff was required to pay the loan in monthly installment amounts of $433.69, principal and interest, plus $14.95 for the credit disability insurance premium, which gradually decreased monthly pursuant to the note language and is payable over a period of 240 months. In contrast, the "policy" sold by Defendants "BENEFICIAL" and "PAVONIA" to Plaintiff had a maximum

limit of $100,000.00 payable in benefits though the entire loan amount that Plaintiff had to pay, principal and insurance, if paid on a timely and full basis is a lesser amount.

10. Further, and in order to induce Plaintiff into purchasing Defendant "PAVONIA's" credit disability insurance, Defendants told Plaintiff that the amount that could be paid in benefits in the event of his becoming disabled was $2,000.00 per month when, in reality, the limit of the amount Defendant "PAVONIA" had to pay in the event of Plaintiff's disability was $433.69 or less as the monthly payments decreased or, in other words, the monthly benefits would always equal the monthly installment owed under the note and they would never exceed $433.69. Furthermore, Plaintiff's loan term was for 240 months, but the term of the "policy" was for a 180 month period. Plaintiff was led to believe that he would get 180 months of credit disability insurance benefits provided he remained disabled per his treating physician's certification for 180 months  Clearly, but also fraudulently, the minimal limit of twenty-four months allowed under one "Critical Period" is not mentioned in the Certificate of Group Disability Insurance Schedule.

**PRAYER**

Based on the foregoing grounds, the Plaintiff ADVENTO PEÑA prays that this Honorable Court issue a Declaratory Judgment and also enter a Final Judgment in favor of Plaintiff finding and awarding the following recovery and relief:

A.  that the Defendant "PAVONIA" violated Articles 21.21 of the Texas Insurance Code by misrepresenting to Plaintiff the extent of coverage available under certain facts or pertinent provision of the "policy" and in committing an unconscionable action in taking

Plaintiff's premium payments and afterwards denying a valid claim made by Plaintiff under the "policy";

B. that Defendant "PAVONIA" violated Article 21.55 by failing to promptly grant status to Plaintiff for a "Critical Period" that he qualified for and made in disregard of a medical request issued by Plaintiff's treating physician and further breaching its duty of good faith and from dealing that it owed to Plaintiff;

C. that Defendant "PAVONIA" beached the terms of the "policy" by failing to place Plaintiff under a "Critical Period" status for which he qualified in order to avoid paying him benefits due under the "policy" and by committing fraud against Plaintiff by misrepresenting to Plaintiff that he was not covered by the terms of the "policy" though Plaintiff qualified for placement on "Critical Period" status in order to avoid paying Plaintiff benefits due under the "policy";

D. that Defendant "BENEFICIAL" committed fraud through its employee against Plaintiff by telling him that he would receive benefits under the "policy" for a maximum limit of 180 months as long as he qualified for placement under "Critical Status";

E. that Plaintiff was entitled to and qualified for Defendant "PAVONIA" placing him under a third "Critical Period" and should have paid him benefits under the "policy" for each month of the third "Critical Period" status and Defendant "PAVONIA" is obligated and is ordered to pay Plaintiff the total amount of the benefits that would have been paid to Plaintiff if he had been put under a third "Critical Period" plus pre-judgment and post judgment interest on this sum at the highest rate allowed by law.

F. that Plaintiff is entitled under the "policy" to further placements in "Critical Periods" statuses as long as he establishes that he is qualified per the provisions of the "policy" for a maximum number of 180 months;

G. Plaintiff further prays that he be awarded his reasonable attorney's fees and court costs necessary to prosecute this action and for general relief.

Respectfully submitted,

Margil Sanchez, Jr.,
Attorney at Law

Margil Sanchez, Jr.,
Attorney at Law,
P.O. Box 297,
Rio Grande City, Texas, 78582
Tel. No. 956-487-7575
Fax. No. 956-487-8491
Email: msjlaw@yahoo.com
Bar Card No. 17570800

## STATEMENT CONCERNING ALTERNATIVE DISPUTE RESOLUTION

I AM AWARE THAT IT IS THE POLICY OF THE STATE OF TEXAS OF PROMOTING THE AMICABLE AND NONJUDICIAL SETTLEMENT OF DISPUTES INVOLVING REAL PROPERTY OR REQUESTS FOR INJUNCTIVE RELIEF. I AM ALSO AWARE OF ALTERNATIVE DISPUTE RESOLUTION METHODS INCLUDING MEDIATION. WHILE I RECOGNIZE THAT ALTERNATIVE DISPUTE RESOLUTION IS AN ALTERNATIVE TO AND NOT A SUBSTITUTE FOR A TRIAL AND THAT THIS CASE MAY BE TRIED IF IS NOT SETTLED, I REPRESENT TO THE COURT THAT I WILL ATTEMPT IN GOOD FAITH TO RESOLVE CONTESTED ISSUES IN THIS CASE BY ALTERNATIVE DISPUTE RESOLUTION WITHOUT THE NECESSITY OF COURT INTERVENTION.

ADVENTO PEÑA

CLERK OF THE COURT
ELOY R. GARCIA
STARR COUNTY COURTHOUSE
RIO GRANDE CITY, TEXAS 78582

ATTORNEY FOR PLAINTIFF
MARGIL SANCHEZ
P. O. BOX 297
RIO GRANDE CITY, TEXAS 78582

### CITATION

**THE STATE OF TEXAS**
　　NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this  citation By 10:00 o'clock  a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you "

　　TO:　　"PAVONIA" F/K/A
　　　　　　HOUSEHOLD LIFE INSURANCE COMPANY
　　　　　　MAY BE SERVED BY SERVING ITS
　　　　　　REGISTERED AGENT,
　　　　　　CT CORPORATION SYSTEM
　　　　　　350 N. ST. PAUL ST. SUITE 2900
　　　　　　DALLAS, TEXAS 75201

　　DEFENDANT, in the hereafter and styled and numbered cause: **DC-15-195.** You are hereby commanded to appear by filing a written answer Plaintiff's **ORIGINAL PETITION** at or before 10.00 o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **381ST JUDICIAL DISTRICT JUDGE JOSE LUIS GARZA** of STARR COUNTY, TEXAS at the Court House of said County in RIO GRANDE CITY, TEXAS. Said Petition was filed on the **2ND Day of APRIL** A.D, **2015**, in this cause numbered **DC-15-195** the docket of said court, and styled,

**ADVENTO PENA, PLAINTIFF**
**VS.**
**PAVONIA LIFE INSURANCE COMPANY**
**OF MICHIGAN, F/K/A HOUSEHOLD**
**LIFE INSURANCE COMPANY AND BENEFICIAL**
**FINANCE ONE INC., F/K/A BENEFICIAL**
**FINANCE CO. OF TEXAS AND ALSO F/K/A**
**BENEFICIAL FINANCE CO. OF MCALLEN,**
**DEFENDANTS**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's **ORIGINAL PETITION**  accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office, this **14TH DAY** of **APRIL, 2015.**

ELOY RUBEN GARCIA
DISTRICT CLERK OF STARR COUNTY, TEXAS
STARR COUNTY COURTHOUSE
RIO GRANDE CITY, TEXAS

BY: _Ana Martinez_
　　Deputy Clerk

### NOTICE

You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

## OFFICER'S RETURN

Came to hand on the _ day of _____, 2015 at ___ o'clock ___ M. Executed at _____ _____, within the County of _____ at _____ o'clock ____ M. on the _____ day of _____ 2015, by delivering to the within named _____ a true copy of this citation together with the accompanying copy of this petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery

Not executed, the diligence used to execute being _____; for the following reason _____ _____the defendant may be found _____

Total fee for serving this citation _____      Sheriff Account No. _____

To certify which witness my hand officially.

_____
Sheriff of _____ County, Texas          By: _____ Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT

In accordance with Rule 107: The officer authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____ _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ county, state of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(ID # & expiration of certification)

### File No. DC-15-195

CITATION FOR PERSONAL SERVICE IN STATE

_____

**ADVENTO PENA, PLAINTIFF**
**VS.**
**PAVONIA LIFE INSURANCE COMPANY**
**OF MICHIGAN, F/K/A HOUSEHOLD**
**LIFE INSURANCE COMPANY AND BENEFICIAL**
**FINANCE ONE INC., F/K/A BENEFICIAL**
**FINANCE CO. OF TEXAS AND ALSO F/K/A**
**BENEFICIAL FINANCE CO. OF MCALLEN,**
**DEFENDANTS**

_____
381ST JUDICIAL DISTRICT COURT
JOSE LUIS GARZA, JUDGE PRESIDING
OF STARR COUNTY, TEXAS
_____

ISSUED THIS:

14TH DAY OF APRIL, 2015 ELOY R. GANRCIA

DISTRICT CLERK OF STARR COUNTY

BY: _Ana Martinez_
DEPUTY CLERK

_____
FILED THIS:
_____ DAY OF _____, 2015
AT _____ O'CLOCK _____ M.
ELOY R. GARCIA
DISTRICT CLERK OF STARR COUNTY
BY: _____
DEPUTY CLERK

CLERK OF THE COURT                          ATTORNEY FOR PLAINTIFF
ELOY R. GARCIA                              MARGIL SANCHEZ
STARR COUNTY COURTHOUSE                     P. O. BOX 297
RIO GRANDE CITY, TEXAS 78582                RIO GRANDE CITY, TEXAS 78582

<u>CITATION</u>

**THE STATE OF TEXAS**
    NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this  citation By 10:00 o'clock  a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition. a default judgment may be taken against you."

        **TO:**    **"BENEFICIAL" F/K/A**
                **BENEFICIAL FINANCE CO. OF TEXAS**
                **AND ALSO F/K/A BENEFICIAL**
                **FINANCE CO. OF MCALLEN**
                **CAN BE SERVED THROUGH ITS**
                **REGISTERED AGENT FOR SERVICE**
                **CT CORPORATION SYSTEM**
                **1999 BRYAN ST. SUITE 900**
                **DALLAS, TEXAS 75201**

      **DEFENDANT**, in the hereafter and styled and numbered cause: **DC-15-195.**  You are hereby commanded to appear by filing a written answer Plaintiff's **ORIGINAL PETITION** at or before 10:00 o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **381ST JUDICIAL DISTRICT JUDGE JOSE LUIS GARZA** of STARR COUNTY, TEXAS at the Court House of said County in RIO GRANDE CITY, TEXAS. Said Petition was filed on the **2ND Day of APRIL** A.D, **2015,** in this cause numbered **DC-15-195** the docket of said court, and styled.

### ADVENTO PENA, PLAINTIFF
### VS.
### PAVONIA LIFE INSURANCE COMPANY
### OF MICHIGAN, F/K/A HOUSEHOLD
### LIFE INSURANCE COMPANY AND BENEFICIAL
### FINANCE ONE INC., F/K/A BENEFICIAL
### FINANCE CO. OF TEXAS AND ALSO F/K/A
### BENEFICIAL FINANCE CO. OF MCALLEN,
### DEFENDANTS

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's **ORIGINAL PETITION**  accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office, this  **14TH DAY** of **APRIL, 2015.**

                            ELOY RUBEN GARCIA
                            DISTRICT CLERK OF STARR COUNTY, TEXAS
                            STARR COUNTY COURTHOUSE
                            RIO GRANDE CITY, TEXAS

                          BY: _Ana Martinez_
                                Deputy Clerk

<u>NOTICE</u>
You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

## OFFICER'S RETURN

Came to hand on the __ day of _____, 2015 at ____ o'clock ____ M. Executed at _____, within the County of _____, at _____ o'clock ____ M. on the _____ day of _____ 2015. by delivering to the within named _____ a true copy of this citation together with the accompanying copy of this petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery

Not executed, the diligence used to execute being _____; for the following reason _____ _____the defendant may be found _____ ;

Total fee for serving this citation _____          Sheriff Account No. _____

To certify which witness my hand officially.

Sheriff of _____ County, Texas          By: _____ Deputy

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**

In accordance with Rule 107: The officer authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____.

I DECLARE UNDER PENALTY OF PREJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ county, state of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(ID # & expiration of certification)

**File No. DC-15-195**

### CITATION FOR PERSONAL SERVICE IN STATE

**ADVENTO PENA, PLAINTIFF
VS.
PAVONIA LIFE INSURANCE COMPANY
OF MICHIGAN, F/K/A HOUSEHOLD
LIFE INSURANCE COMPANY AND BENEFICIAL
FINANCE ONE INC., F/K/A BENEFICIAL
FINANCE CO. OF TEXAS AND ALSO F/K/A
BENEFICIAL FINANCE CO. OF MCALLEN,
DEFENDANTS**

381ST JUDICIAL DISTRICT COURT
JOSE LUIS GARZA, JUDGE PRESIDING
OF STARR COUNTY, TEXAS

ISSUED THIS:

**14TH DAY OF APRIL, 2015** ELOY R. GANRCIA

DISTRICT CLERK OF STARR COUNTY

BY: _Ana Martinez_
DEPUTY CLERK

FILED THIS:
_____ DAY OF _____, 2015
AT _____ O'CLOCK _____ M.
ELOY R. GARCIA
DISTRICT CLERK OF STARR COUNTY
BY: _____
DEPUTY CLERK

E ' M ' H

Edison. McDowell
& Hetherington LLP

Filed: 4/15/2015 8:35:09 AM
Eloy R. Garcia, District Clerk
Starr County, Texas

Dulce Morin

Phoenix Tower
3200 Southwest Freeway
Suite 2100
Houston, Texas 77027
www.emhllp.com

Amanda Garza
Administrative Assistant
Ph (713) 333-5875
Fax (713) 337-8850
amanda.garza@emhllp.com

April 15, 2015

*By: Email*

Starr County District Clerk
401 Britton Avenue
Rio Grande City, TX 78582

Re:     Cause No. DC-15-195; *Advento Pena v. Pavonia Life Insurance Company of Michigan
        fka Household Life Insurance Company; Beneficial Finance One Inc. fka Beneficial
        Finance Co. of Texas fka Beneficial Finance Co. of McAllen*

To Clerk,

Please accept this letter as a request for a copy of the Petition in the above referenced matter.   I
do not need any exhibits or attachments only the Petition. Once you have received this request
please email me the Complaint to receptionist@emhllp.com. If you have any questions, please
do not hesitate to call me at 713-333-5873.

Very truly yours,

Edison McDowell & Hetherington LLP

*Amanda Garza*

Amanda Garza