IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ADVENTO PEÑA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  7:15-CV-234 |
| | § | |
| PAVONIA LIFE INSURANCE | § | |
| COMPANY OF MICHIGAN, f/k/a | § | |
| HOUSEHOLD LIFE INSURANCE | § | |
| COMPANYAND BENEFICIAL | § | |
| FINANCIAL I INC., | § | |
| | § | |
| **Defendants.** | § | |

DEFENDANT BENEFICIAL FINANCIAL I INC.'S
MOTION TO DISMISS AND BRIEF IN SUPPORT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), Defendant Beneficial Financial I Inc. ("Beneficial") files this Motion to Dismiss and Brief in Support (the "Motion") and would respectfully show the Court the following:

## I.     INTRODUCTION

Plaintiff Advento Peña initiated this action in state court on April 2, 2015 seeking to obtain credit disability insurance benefits for a third "Critical Period"[1] based on an undisclosed work-related injury, which he purportedly suffered in 2005, a few months after purchasing the policy at issue from Defendant Pavonia Life Insurance Company of Michigan ("Pavonia") and securing a home loan from Beneficial on or about May 18, 2005.  Plaintiff has asserted numerous

---

[1]  Capitalized terms in this Motion shall have the same meaning as provided in Plaintiff's First Amended Original Complaint ("Complaint" or "Compl.").  In his Complaint, Plaintiff represents that ""Critical Period' is defined as the number of months for which monthly benefits are payable during any period of disability."  *See* Compl., at p. 7, ¶ 9(B).

causes of action against Pavonia, but his only claim against Beneficial is fraud based on the improper premise that *because* Pavonia allegedly failed to pay benefits for a third Critical Period in 2011, Beneficial's representations in 2005 regarding the policy's coverage and benefits were false – even though Plaintiff, at the same time, specifically alleges in his Complaint that Beneficial's representations accurately reflected the express language of the policy.  If this were the case, which it is not, every breach of contract claim could constitute fraud.  Not only is Plaintiff's Complaint confusing and contradictory, it falls woefully short of pleading sufficient facts to state a fraud claim against Beneficial.  Plaintiff has failed to allege sufficient facts to show that (1) Beneficial made a false representation; (2) Beneficial made the alleged false representation recklessly or knowingly; or (3) that Beneficial had no intent to perform.  These are all required elements of a cause of action for fraud.  Moreover, even if Plaintiff had plead sufficient facts, Plaintiff's fraud claim against Beneficial is unquestionably barred by limitations as the alleged false representations were made in 2005.  For these reasons and as set forth in more detail below, Plaintiff's fraud claim against Beneficial should be dismissed.

## II.     APPLICABLE LEGAL STANDARD

This action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to state a claim upon which relief can be granted.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). While the court is required to accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff, labels, conclusions, "naked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After removing the conclusory allegations, the complaint must contain sufficient well-pleaded factual allegations to "nudge [plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.    ARGUMENT AND AUTHORITIES

#### A.  Plaintiff's Fraud Claim Against Beneficial Should Be Dismissed.

Plaintiff's fraud claim against Beneficial is properly dismissed under Rule 12(b)(6) because his claim is (1) barred by limitations and (2) unsupported and contradicted by his own factual allegations, such that he does not sufficiently allege that Beneficial made a false representation regarding the coverage and benefits under the policy at issue, as set forth below:

##### 1.    Plaintiff's Fraud Claim is Barred by Limitations.

Plaintiff's fraudulent inducement claim against Beneficial is based on alleged fraudulent statements made by Beneficial to Plaintiff "on or about May 18, 2005" regarding the coverage and benefits under the policy issued by Pavonia. *See* Compl. at pp.10-11, ¶ 1. This is also the date that Plaintiff allegedly acted in reliance on the purported misrepresentations and bought the credit disability policy at issue in this litigation. *See* Compl. at p. 4, ¶ 1.

A cause of action for fraud accrues on the date the defendant makes the false representation. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988)*; but see Jackson v. Speer*, 974 F.2d 676, 679-80 (5th Cir. 1992) (fraud occurs on date that plaintiff acts in reliance). More specifically, in the context of an insurance policy, a fraud claim based on misrepresentations regarding coverage accrues when the policy is issued. *See Khoei v. Stonebridge Life Ins. Co.*, No. H–13–2181, 2014 WL 585399, at *7 (S.D. Tex. Feb. 14, 2014) (finding claims insurer misrepresented policy coverage in selling policy accrue when policy is issued); *Steadfast Ins. Co. v. SMX 98, Inc.*, No. H–06–2736, 2009 WL 890398, at *16 (S.D. Tex. Mar. 30, 2009) (stating cause of action based on insurer's misrepresentation or failure to disclose in connection with sale of insurance policy accrues when policy is issued); *Rangel v. Progressive Cnty. Mut. Ins. Co.*, 333 S.W.3d 265, 269 (Tex. App.—El Paso 2010, pet. denied) (deciding claims based on alleged misrepresentations concerning extent of insurance coverage accrued when plaintiffs purchased the policy); *Mauskar v. Hardgrove*, No. 14–02–00756–cv, 2003 WL 21403464, at *3 (Tex. App.—Hous. [14th Dist.] June 19, 2003, no pet.) (stating "[h]ad [plaintiff] read the policies at the time he purchased them, he would have known that the policies were not going to meet his alleged pay-out expectations").

The limitations period for a fraud action is four years. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4); *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 216 (Tex. 2011). Because Plaintiff did not file his fraud claim against Beneficial until April 2, 2015 (*see* Pl.'s Original Petition [Docket No. 1-3]), nearly ten years after his claim accrued, Plaintiff's claim is unquestionably time-barred and should be dismissed.[2]

---

[2] Plaintiff has not plead that the discovery rule defers the accrual date for his fraud claim nor plead any facts establishing that his alleged injury was inherently undiscoverable and objectively verifiable for the discovery rule to apply. *See Barker v. Eckman*, 213 S.W.3d 306, 311-12 (Tex. 2006). Although injuries arising from a breach of

2.      Plaintiff Fails to Allege Sufficient Facts to Show that Beneficial Made a False Representation to Plaintiff.

To prove an action for common-law fraud, Plaintiff must establish that Beneficial made a false representation to Plaintiff.  *See Carnival Leisure Indus., Ltd. v. Aubin, 53 F.3d 716, 718 (5th Cir. 1995); American Indem. Co. v. Ernst & Ernst*, 106 S.W.2d 763, 765 (Tex. App.—Waco 1937, writ ref'd).  A false representation consists of words or other conduct that suggest to the plaintiff that a fact is true when it is not.  *See Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 516 S.W.2d 138, 142 (Tex. 1974).

Plaintiff's fraud claim fails as a matter of law because, taking all of Plaintiff's allegations as true, Beneficial's purported "misrepresentations" regarding the benefits and coverage under the policy were accurate and consistent with the express policy language.  Plaintiff's alleged facts clearly demonstrate that Beneficial's alleged statements were not "misrepresentations" regarding the benefits and coverage under the policy. Thus, Plaintiff's fraud claim fails because fraud is an intentional tort that requires a false statement.  *See State Nat'l Bank v. Farah Mfg. Co.*, 678 S.W.2d 661, 681 (Tex. App.—El Paso 1984, writ dism'd) (a false statement is an untrue, deceptive, or misleading statement concerning a past or present fact).

For example, Plaintiff alleges Beneficial made the supposedly false representation that, under the policy, "Plaintiff was entitled to receive up to one-hundred eighty months of credit disability payments up to a maximum amount of $100,000.00 if he qualified for an initial

---

fiduciary duty are considered inherently undiscoverable (*see S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 2005)) and Plaintiff has alleged that a fiduciary relationship exists between Plaintiff and Beneficial (*see* Compl. at p. 5, ¶ 2), it is well established Texas law that a lender does not owe a fiduciary duty to a borrower (*see Johnson v. Bank of Am.*, No. 09-12-00477-CV (Tex. App.—Beaumont 2014, n.p.h.)) and an insurance agent does not owe a fiduciary duty to the insured (*see Environmental Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 627 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)).  Accordingly, Plaintiff's alleged fiduciary duty cannot serve as the basis for or support deferral of the accrual date of Plaintiff's fraud claim.

twenty-four consecutive months defined as the term of a "Critical Period" and for succeeding twenty-four months of "Critical Periods" . . ." *See* Compl. at p. 4, § IV(1).

At the same time, Plaintiff pleads that "the policy that [Pavonia] sold to Plaintiff ***expressly provides*** that Plaintiff can be granted consecutive "Critical Period" terms for the same event that led to the granting of the first or even the second "Critical Period" if he established his eligibility for the payment of insurance benefits arising from the same incident . . ." *(id.* at p. 7, ¶ 9 (emphasis supplied)) and that "the term of insurance coverage is for one-hundred-eighty months and points out that the maximum amount of disability benefits that an insured could be paid under the "policy" is $100,000.00." *Id.* Thus, Plaintiff alleges that both Beneficial's purported representations and the policy's express language provided for the granting of consecutive "Critical Periods" if the insured qualified, for up to 180 months of coverage, with a maximum total benefit of $100,000. *See id.*

Moreover, Plaintiff explicitly points out that Beneficial's alleged misrepresentations were consistent with the purported policy language: "Under the terms of the "policy" and in the event he qualified, the Plaintiff, as the insured, and, ***as represented to Plaintiff by the Defendant Beneficial's employee***" . . . "that Plaintiff would receive an initial period of twenty-four consecutive monthly benefit payments which the "policy" defined as a "Critical Period" . . ." *Id.* at p. 5.

Plaintiff cannot have it both ways. Because Plaintiff has not only failed to allege facts showing that Beneficial made a false representation, but, in fact, has plead that the alleged "misrepresentations" by Beneficial regarding the policy were accurate and consistent with the purported policy language, Plaintiff's fraud claim against Beneficial cannot stand and is properly dismissed under Rule 12(b)(6).

3.    <u>Plaintiff Fails to Allege Sufficient Facts to Show that Beneficial Made the Alleged False Representations to Plaintiff Knowingly or Recklessly.</u>

Plaintiff's fraud claim also fails because he has not alleged that Beneficial made the alleged false representation knowing it was false or with reckless disregard for its truth.  This is not surprising since Plaintiff has not actually alleged that a misrepresentation occurred, as set forth in § III(A)2 above.  An action for common-law fraud requires that the plaintiff establish the defendant either made the representation knowing it was false or made the representation recklessly.  *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011).  A defendant makes a representation knowingly when the defendant is aware of its falsity or understands it is false.  *Landers v. Aurora Loan Servs.*, 434 S.W.3d 291, 293-94 (Tex. App.— Texarkana 2014, no pet.).  A defendant makes a representation recklessly when the defendant makes it without any knowledge of its truth and makes it as a positive assertion of fact.  *Johnson & Higgins v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 527 (Tex. 1998).

Plaintiff's Complaint is completely devoid of any allegations that Beneficial made any alleged false representations knowingly or recklessly.  Plaintiff merely alleges that Beneficial purportedly "induced Plaintiff to purchase the policy" (*see* Compl. at p. 11, ¶ 1) and then focuses on the contention that the policy itself was "specifically designed to mislead prospective and actual customers" and "to foster misunderstanding."  *Id.* at p. 11, ¶ 2 and p. 12, ¶ 3.  Plaintiff makes no allegations that Beneficial knew that any of its alleged representations were false or misleading or that Beneficial made such alleged representations with reckless disregard for their truth.  Because Plaintiff has not alleged, and cannot allege any set of facts, showing that Beneficial made an alleged misrepresentation knowingly or recklessly, Plaintiff's fraud claim against Beneficial should be dismissed as a matter of law.

4.      Plaintiff Fails to Allege Sufficient Facts to Show that Beneficial Had No Intent to Perform.

Based on the allegations in the Complaint, it appears that Plaintiff is attempting to improperly turn an alleged breach of contract claim into a fraud claim by arguing that denial of his claim for a third "Critical Period" of benefits in 2011 made Beneficial's alleged representations in 2005 (six years earlier) regarding the scope of coverage and benefits under the policy fraudulent. This is improper and supports dismissal of Plaintiff's fraud claim under Rule 12(b)(6) because a party merely breaches a contract when it enters into a contract and later decides not to perform it. *See Tony Gullo Motors*, 212 S.W.3d at 304-05; *Crim Truck & Tractor Co. v. Navistar Int'l Transp.*, 823 S.W.2d 591, 597 (Tex. 1992); *Oliver v. Rogers*, 976 S.W.2d 792, 805 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).  On the other hand, a party can be subject to a fraud claim, if it enters into a contract that it does not intend to perform. *Id.*  If not for this distinction, every breach of contract claim could arguably be seen as a cause of action for fraud. *See Oliver*, 976 S.W.2d at 804.

Accordingly, to support a fraud claim, Plaintiff must allege sufficient facts to show that Beneficial had no intention of performing when it made the alleged misrepresentations to Plaintiff. *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (The plaintiff must show that the defendant had no intention of performing when it made the promise and proof that defendant breached the contract is not sufficient by itself).  Plaintiff has failed to do so.  To the contrary, Plaintiff pleads repeatedly that Pavonia paid benefits under the policy to Plaintiff in 2005 for several months ("First Critical Period") until he returned to work and then for a successive twenty-four months in 2009 ("Second Critical Period") for the same injuries sustained in 2005.  *See* Compl. at p. 6, ¶¶ 6-7.  It is well-settled Texas law, that partial performance of a promise can negate an intent not to perform. *See IKON Office Solutions, Inc. v.*

*Eifert*, 125 S.W.3d 113, 124 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Because

Plaintiff has failed to allege sufficient facts to show that Beneficial had no intent of performing

and, in fact, admits that Pavonia performed for the first six years of the policy, Plaintiff's fraud

claim against Beneficial is properly dismissed under Rule 12(b)(6).

**IV.     CONCLUSION**

WHEREFORE, Beneficial prays that the court grant this Motion to Dismiss under Rule

12(b)(6) because Plaintiff's Complaint does not state a single cause of action against Beneficial

upon which relief can be based.  Beneficial further requests that the court grant it such further

relief to which it may be entitled.

Dated: July 24, 2015                          Respectfully submitted,

                                                               By: */s/ Peter S. Wahby*

                                                                 Peter S. Wahby
  Attorney-in-charge
  State Bar No. 24011171
  S.D. Tex. Bar No. 37917
  wahbyp@gtlaw.com
  Stephanie R. Smiley
  State Bar No. 24066097
  S.D. Tex. Bar No. 007024
  smileys@gtlaw.com
  **GREENBERG TRAURIG, LLP**
  2200 Ross Avenue, Suite 5200
  Dallas, Texas  75201
  Tel:  (214) 665-3600
  Fax:  (214) 665-3601

  **ATTORNEYS FOR
  DEFENDANT BENEFICIAL
  FINANCIAL I INC.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 24, 2015, I served a copy of the foregoing through the court's CM/ECF system on all parties.

*/s/ Peter S. Wahby*

Peter S. Wahby

*DAL 79518163v2*